IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:06CV341-1-MU

| | |
|---|---|
| JONEKA DARCELL LOVE, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **O R D E R** |
| ) | |
| GASTON COUNTY SHERIFF, ) | |
| ) | |
| Respondent. ) | |
| _____) | |

**THIS MATTER** comes before the Court for an initial review of the Petitioner's Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254, filed August 9, 2006.

As an initial matter, the Court notes that Petitioner did not sign his Petition for a Writ of Habeas Corpus. Petitioner's Petition therefore does not comply with Rule 2(c)(5) of the Rules Governing Section 2254 Cases in the United States District Courts which requires that a petitioner sign his petition under penalty of perjury. Consequently, his federal habeas petition is dismissed on this basis.

Moreover, even if Petitioner had signed his petition, it does not appear to the Court that Petitioner fully exhausted his state court remedies. Pursuant to the Antiterrorism and Effective Death Penalty Act (AEDPA) a prisoner is required to exhaust the remedies available to him in the state courts before he files a writ of habeas corpus in the federal courts. 28 U.S.C. § 2254(b)(1)(A). The United States Supreme Court has held that § 2254's exhaustion requirement requires "state prisoners to give the state courts one full opportunity to resolve any constitutional

issues by invoking one complete round of the State's established appellate review process." O'Sullivan v. Boerckel, 526 U.S. 838 (1999). This "one full opportunity" includes filing petitions for discretionary review when that review is part of the ordinary appellate procedure in the State. Id.

In North Carolina, a petitioner may satisfy § 2254's exhaustion requirement by directly appealing his conviction to the North Carolina Court of Appeals and then petitioning the North Carolina Supreme Court for discretionary review or by filing a state post-conviction proceeding and petitioning the North Carolina Court of Appeals for a writ of certiorari. See N. C. Gen. Stat. § 7A-31; N.C. Gen. Stat. § 15A-1422.

In his Petition for a Writ of Habeas Corpus, Petitioner indicates that he did not directly appeal his case to the North Carolina Court of Appeals. Petitioner thus did not fully exhaust his state court remedies through the direct appeal process. Petitioner indicates on his petition form that his attorney filed a Motion for Appropriate Relief but he does not indicate anywhere that a writ of certiorari was filed. The Court therefore concludes, based upon the evidence provided to the Court by the Petitioner himself, that he has failed to fully exhaust his state court remedies and his federal habeas petition must be dismissed.

Finally, the Court notes that Petitioner has also failed to comply with Rule 2(a) of the Rules Governing Section 2254 Cases in the United States District Courts. Rule 2(a) states that "the petition must name as respondent the state officer who has custody." Petitioner names the sheriff of Gaston County as the respondent even though he is incarcerated at Southern correctional Institution. Such a failure is also a basis for the dismissal of Petitioner's federal habeas petition.

**THEREFORE, IT IS HEREBY ORDERED** that Petitioner's Petition for a Writ of Habeas Corpus is **DISMISSED without prejudice** for failure to sign his petition, for failure to exhaust his state court remedies, and for failure to name the correct respondent.

Signed: August 14, 2006

Graham C. Mullen
United States District Judge